RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
Amy B. Cleary
Assistant Federal Public Defender
Benjamin F. J. Nemec
Attorney at Law
Nevada State Bar No. 14591
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Amy_Cleary@fd.org
Ben_Nemec@fd.org

Counsel for Gerald Leslie Tate

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>       Respondent/Plaintiff,<br><br>       v.<br><br>Gerald Leslie Tate,<br><br>       Petitioner/Defendant. | Case No. 2:14-cr-00384-APG-CWH<br>Case No. 2:19-cv-02175-APG<br><br>**Petitioner/Defendant Gerald Tate's Unopposed Motion to Stay and Hold in Abeyance His Pro Se Second Motion to Vacate under 28 U.S.C. § 2255 for 90 Days** |

**ORDER**

**Certification:** This Motion is timely filed, as no time limitation applies.

Petitioner/Defendant Gerald Leslie Tate moves this Court to stay and hold in abeyance his pro se Second Motion to Vacate under 28 U.S.C. § 2255 for 90 days to allow the Office of the Federal Public Defender to review his case and, if it deems appropriate to do so, move to amend his Second Motion to Vacate before the government is required to file its Response thereto.

On June 21, 2019, the United States Supreme Court held in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that a defendant charged with unlawful

possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) must know of his prohibitive firearm status at the time of the alleged firearm possession. Following this decision, on September 27, 2019, Chief Judge Miranda M. Du issued General Order 2019-06 presumptively appointing the Office of the Federal Public Defender (FPD) "to represent any defendant previously determined to have been entitled to appointment of counsel, or who is now entitled to appointment of counsel, to determine whether that defendant may qualify for relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Rehaif* . . . ." If so, the FPD is appointed "present any petitions, motions or applications relating thereto to the Court for adjudication that the FPD deems appropriate under" *Rehaif*. *See* General Order 2019-06, p. 1.

The FPD is thus presumptively appointed under General Order 2019-06 to review Mr. Tate's case to determine his eligibility for relief under *Rehaif* as he has a conviction under §§ 922(g)(1) and 924(a)(2). ECF No. 26. However, Mr. Tate filed a pro se Second Motion to Vacate under 28 U.S.C. § 2255 asserting a claim for relief under *Rehaif* on December 16, 2019. ECF No. 61. The Court has ordered the government to file a Response to Mr. Tate's Second Motion to Vacate by January 6, 2020. ECF No. 62.

Due to undersigned counsel only recently becoming aware that Mr. Tate is potentially eligible for relief under *Rehaif* and having now received permission from Mr. Tate to review his case for the purpose of potentially serving as his counsel in this habeas litigation, counsel requests this Court stay and hold in abeyance Mr. Tate's Second Motion to Vacate to allow counsel 90 days to review his case. During that time, undersigned counsel will review Mr. Tate's case to determine whether, pursuant to General Order 2019-06, it is appropriate for undersigned counsel to file a First Motion to Amend Mr. Tate's Second Motion to

Vacate along with a proposed First Amended Second Motion to Vacate and/or file the appropriate motion in the Ninth Circuit Court of Appeals for permission to pursue the instant habeas litigation.

Undersigned counsel contacted counsel for the government, Appellate Chief Elizabeth O. White, regarding this Mr. Tate's request that the Court stay Mr. Tate's habeas proceedings for 90 days as set forth herein on December 20, 2019. Ms. White states she has no opposition to this request.

Mr. Tate thus requests the Court vacate the government's Response due date and issue an Order staying this matter and holding it in abeyance for 90 days, or until the FPD files documents with the Court on Mr. Tate's behalf necessitating that the stay be lifted, whichever occurs sooner.

Dated: December 20, 2019.

Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

By: */s/ Amy B. Cleary*
Amy B. Cleary
Assistant Federal Public Defender

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
December 20, 2019.