**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>     v.<br><br>Gerald Leslie Tate,<br><br>                    Defendant. | Case No. 2:14-cr-0384-APG-CWH<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>(ECF No. 66) |

Defendant Gerald Leslie Tate pleaded guilty to being a felon in possession of a firearm and was sentenced to 120 months in prison and three years of supervised release. ECF No. 35. He has served approximately 65 months in custody. He now moves for compassionate release because he recently had surgery to repair a collapsed lung, which makes the COVID-19 virus more dangerous to him. ECF No. 66. Tate seeks to have the remaining 41 months of his custodial sentence added to his term of supervised release.[1] *Id*. at 2. The United States opposes his request.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[2] allows a judge to reduce a sentence based on "extraordinary and compelling reasons." The inmate must first ask the warden to bring such a motion on his behalf, and wait 30 days for a response before filing a motion on his own. The judge must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] The total does not add up to 120 months because Tate believes he will receive "good time credits" to reduce his total sentence. His projected release date is October 18, 2023. ECF No. 66 at 2.

[2] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

1    The United States contends that Tate has not satisfied the procedural requirement of first
2 requesting compassionate release from the warden.  But attached to Tate's reply is a copy of what
3 appears to be his request to the warden. *See* ECF No. 70-1.  For purposes of this motion, I will
4 presume he has satisfied this statutory prerequisite.

5    I agree with the United States that Tate has not demonstrated "extraordinary and
6 compelling reasons" to justify releasing him 41 months early.  Both parties point to the
7 Sentencing Commission's policy statement that such reasons exist where a defendant is
8 "suffering from a serious physical or medical condition . . . that substantially diminishes the
9 ability of the defendant to provide self-care within the environment of a correctional facility and
10 from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).  Tate
11 contends that I am not limited by this because I can also consider "an extraordinary and
12 compelling reason other than" a condition from which the defendant may not recover. ECF No.
13 70 at 6-8 (citing U.S.S.G. § 1B1.13 cmt. n.1(D)).

14   Tate's medical records indicate he has mostly recovered from surgery.  At his most recent
15 medical appointment on April 24, 2020, he "denie[d] any chest pain or shortness of breath" and
16 reported "occasional stabbing pain when he sneezes in his chest." ECF No. 67 at 2.  His
17 respiratory system was "[w]ithin normal limits." *Id*.  While a collapsed lung is a serious medical
18 event, it does not appear that Tate's condition is chronic or that, going forward, he will be
19 extraordinarily susceptible to severe difficulties from COVID-19.

20   But even if Tate's condition can be deemed extraordinary and compelling, I would still
21 deny the motion because he is a danger to the community. 18 U.S.C. § 3553(a); *see also* U.S.S.G.
22 § 1B1.13(2) (court must determine that "the defendant is not a danger to the safety of any other
23 person or to the community").  I made that determination at his sentencing hearing based on his
24 lengthy criminal history that includes weapons and violence. ECF No. 69-2 at 173-174.  His poor
25 disciplinary record while in prison confirms he remains a danger. *See* ECF No. 69-1.  His refusal
26 to follow prison regulations and his history of failing to appear for court hearings suggests he

would not follow requirements that he self-isolate, remain on house detention, or other conditions of release.

No doubt COVID-19 is a danger to inmates in the prison system and citizens in the community at large.  The Bureau of Prisons is taking steps to prevent the introduction and spread of the virus in its facilities.  That is no guarantee that Tate will not catch it while incarcerated.  But releasing him will not guarantee his safety either, as he could be exposed to the virus from his family members or others he comes into contact with through his daily activities.

I THEREFORE ORDER that defendant Gerald Tate's motion for compassionate release **(ECF No. 66) is DENIED.**

Dated: June 9, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE