**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| United States of America, | Case No. 2:14-cr-0384-APG-CWH |
|---|---|
| Plaintiff, | **ORDER DENYING SECOND MOTION FOR COMPASSIONATE RELEASE** |
| v. | [ECF No. 76] |
| Gerald Leslie Tate, | |
| Defendant. | |

On May 27, 2020, defendant Gerald Leslie Tate filed a motion for compassionate release after having surgery to repair a collapsed lung, which makes the COVID-19 virus more dangerous to him. ECF No. 66. I denied that motion because, among other reasons, it did not appear that Tate's condition is chronic or makes him extraordinarily susceptible to severe difficulties from COVID-19, and he is a danger to the community. ECF No. 71 at 2-3. Tate appealed my decision to the Ninth Circuit and that appeal is pending. ECF No. 72. Tate has now filed a second motion for compassionate release. ECF No. 76. Because Tate has failed to exhaust his administrative remedies, I have no authority to consider his new motion. And to the extent the motion presents the same facts and arguments as the first motion, I lack jurisdiction to consider it because of the pending appeal. I therefore deny Tate's motion.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows a judge to reduce a sentence based on "extraordinary and compelling reasons," but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). "Where Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).[1]  Although Tate satisfied this requirement for his first motion, he did not submit a

---

[1] *See also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[I]f exhaustion 'is a statutorily specified prerequisite'—as opposed to a judicially created one—'[t]he requirement is

new application to the warden before filing his second motion.  Because Tate has not exhausted this administrative remedy, I do not have authority to entertain his motion.

Tate argues that he is not required to exhaust his remedies again because his new motion is "based on the same common core of operative facts" as his prior motion. ECF No. 81 at 11. But he begins his motion by stating that he "bases this motion on developments since this Court entered its June 9, 2020, order denying his [prior motion]. . . . The facts and circumstances underpinning this Court's findings have now changed warranting consideration of compassionate release anew." ECF No. 76 at 1.  He cites to his recent medical records allegedly showing the development of chronic medical problems, to new guidance from the CDC, and to new statistics based on his age and race. *Id.* at 6-11.  This evidence was not presented to the warden in his first application. *See* ECF No. 70-1.

There are good reasons for the warden to review a new application, especially in the rapidly-changing environment of this pandemic.  For instance, my prior ruling relied in part on the results of Tate's then-most-recent medical appointment, where he "denie[d] any chest pain or shortness of breath" and reported "occasional stabbing pain," and his respiratory system was "[w]ithin normal limits." ECF No. 71 at 2.  New medical records could change that analysis, which is why they should be presented to the warden first.  And the warden is more familiar than I about the preventive methods and medical facilities available at the prison.  Tate must exhaust his administrative remedies before filing a motion.

Conversely, if Tate is correct that exhaustion is not required because his current motion is based on the same facts as his prior motion, then I lack jurisdiction to consider the motion because of the pending appeal of the prior motion.  "Once a notice of appeal is filed, the district

---

. . . something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility[.]'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975))); *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); *United States v. Meron*, No. 2:18-CR-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020) (holding exhaustion under 18 U.S.C. § 35829(c) is not judicially waivable).

court is divested of jurisdiction over the matters being appealed. . . . This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  That rule is directly applicable here.  If Tate's motions are based on the same facts and arguments, those issues should not be before me and the Ninth Circuit simultaneously.[2]

Because I am not addressing the merits of Tate's motion, I will not revisit my prior determination that Tate is a danger to the community. ECF No. 71 at 2-3.

I THEREFORE ORDER that defendant Gerald Tate's second motion for compassionate release **(ECF No. 76) is DENIED.**

Dated: November 30, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] If Tate wants to make different or more nuanced arguments based on these facts, he may wish to seek leave of the Ninth Circuit to supplement his briefs before that court.